**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

MARY MARTIN                                                      PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:07cv155-DCB-JMR

SHELTER MUTUAL INSURANCE COMPANY                                 DEFENDANT

**ORDER**

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 17**] and Motion to Dismiss [**docket entry no. 18**].  Having carefully considered the Motions in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On July 10, 2007, plaintiff Mary Martin initiated a lawsuit against Shelter Mutual Insurance Company ("Shelter") in the Circuit Court of Adams County, Mississippi.  In her complaint, Martin seeks compensatory damages in the amount of $50,000.00 and an unspecified amount of punitive damages and attorney fees arising out of Shelter's denial of her claim for uninsured motorist benefits.  On August 6, 2007, Shelter removed the case to this Court from the Circuit Court of Adams County, Mississippi, invoking the Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  On April 2, 2008, the plaintiff filed the instant Motion to Remand [docket entry no. 17] in which she contends that the action should be remanded to the Circuit Court of

Adams County, Mississippi, due to the fact that the amount in controversy does not exceed $75,000.00. Martin attaches an affidavit to her Motion in which she agrees she is not seeking more than $75,000.00 in total damages from Shelter and swears that she will not amend her complaint at a later time to request more damages. In addition, in her Motion to Dismiss [docket entry no. 18], the plaintiff asserts that her claim for punitive damages should be dismissed with prejudice because Shelter's conduct does not rise to the level required under Mississippi law to warrant the recovery of punitive damages from an insurer who has denied a claim.

In its Response [docket entry no. 21], Shelter agrees to the plaintiff's dismissal of her punitive damages claim with prejudice and does not object to the remand of the case to the Circuit Court of Adams County, Mississippi, given the affidavit in which the plaintiff stipulates she will not seek more than $75,000.00 from Shelter. The defendant also requests that the Court order the plaintiff to file an amended complaint reflecting the dismissal of the punitive damages claim.

A district court's removal jurisdiction over an action is judged by looking to the claims in the state court complaint at the time of removal. Manguno v. Prudential Prop. & Cas. Co, 276 F.3d 720, 723 (5th Cir. 2002). "While post-removal affidavits may be considered in determining the amount in controversy at the time of

removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

In this case, the Court is of the opinion that at the time of removal it was not facially apparent that the amount in controversy exceeded $75,000.00.  More specifically, at the time of removal, the plaintiff's was demanding $50,000.00 in compensatory damages and an unspecified amount of punitive damages and attorney fees, rendering the complaint ambiguous as to the precise amount in controversy.  The post-removal affidavit of Mary Martin now makes clear that she is seeking less than $75,000.00 in total damages in this action. (Martin Aff. ¶ 3.)  Accordingly, the Court finds that at the time of removal it lacked jurisdiction over the subject matter of this case and the matter must now be remanded to the Circuit Court of Adams County, Mississippi.

The Court thus being deprived of subject matter jurisdiction, it cannot dismiss the plaintiff's claim for punitive damages with prejudice even though both parties are agreeable to the same or order the plaintiff to amend her complaint as the defendant requests.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [**docket entry no. 17**] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Dismiss

[**docket entry no. 18**] is **DENIED AS MOOT**.

    **SO ORDERED,** this the 8th day of May 2008.

                                            s/ David Bramlette
                                    **UNITED STATES DISTRICT JUDGE**